Jose HERNANDEZ, Petitioner–Appellant,

v.

Robert H. KUHLMANN, Superintendent, Sullivan Correctional Facility, Respondent–Appellee.

No. 00–2412.

United States Court of Appeals, Second Circuit.

July 11, 2001.

Roger L. Stavis;  Frederick E. Schmidt, of counsel, Stavis & Kornfeld, LLP, New York, NY, for appellant.

Marlene O. Tuczinski, Assistant Solicitor General;  Peter G. Crary, Assistant Solicitor General, of counsel, for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for appellee.

Present McLAUGHLIN and LEVAL, Circuit Judges, and TRAGER,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Petitioner Jose Hernandez, a prisoner currently serving a sentence for murdering a fellow inmate, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims violations of his Sixth Amendment right to counsel and his due process right to a fair trial.

Hernandez's ineffective assistance claim is based on his trial counsel's failure to seek the dismissal of the indictment against him when, on the eve of trial, two inmates submitted affidavits recanting their statements implicating Hernandez that were presented to the grand jury.

Hernandez contends that, under *People v. Pelchat*, 62 N.Y.2d 97, 476 N.Y.S.2d 79, 464 N.E.2d 447 (1984), recantations of grand jury testimony compel dismissal of an indictment, and therefore his trial counsel rendered constitutionally ineffective assistance by failing to move for dismissal. We see no error in the district court's rejection of this contention, because Hernandez has not satisfied the requirements for an ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, trial counsel's decision did not fall below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, because a motion to dismiss the indictment was unlikely to have been granted. Hernandez's reliance on *Pelchat* is misplaced. There is no showing here, as there was in *Pelchat*, that the prosecutor acted in bad faith by knowing, but failing to disclose, that false testimony had been presented to the grand jury. Notwithstanding the inmates' recantations, the prosecutor reasonably believed that their statements implicating Hernandez were true. Nor is there a showing that without the inmates' statements there was insufficient evidence before the grand jury "worthy of belief that defendant had committed a crime." *Pelchat*, 476 N.Y.S.2d 79, 464 N.E.2d at 452. Second, Hernandez suffered no prejudice. Dismissal of the indictment would have had no ultimate effect. The prosecution could have obtained a new indictment, *see id.* at 454, 464 N.E.2d 447, and there is no reason to believe the result of the trial would have been different. The evidence on which Hernandez was convicted did not include the recanted statements.

Hernandez's due process claim also fails. He contends that the prosecutor had a duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose that its main eyewitness, a correc-tions officer who saw Hernandez lunge repeatedly at the victim and then throw a homemade weapon out a window, had a prior conviction for Driving While Intoxicated and a pending charge for the same offense before the District Attorney's Office that was prosecuting Hernandez. He asserts that this information could have been used to impeach the corrections officer's perception of events and his motive for testifying at trial.

Disclosure, however, would not have led to a " 'reasonable probability' of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). The corrections officer's testimony was largely corroborated by other witnesses and his criminal record would have provided weak impeachment, at best.

We have considered all of the petitioner's contentions and find no merit in any of them. Accordingly, we AFFIRM the judgment of the district court.